Lester Foran v. Commissioner. Marjorie I. Foran v. Commissioner.
Foran v. Commissioner
Docket Nos. 5758, 5759.
United States Tax Court
1946 Tax Ct. Memo LEXIS 74; 5 T.C.M. (CCH) 819; T.C.M. (RIA) 46228; September 25, 1946
*74 Muckleroy McDonnold, Esq., 503 Nat'l Bank of Commerce, San Antonio, Tex., for the petitioners. Donald Abbey, Esq., for the respondent. HARLAN
Memorandum Findings of Fact and Opinion HARLAN, Judge: These two cases were consolidated for hearing and opinion. They involve deficiencies in income tax for the year 1941 in the following amounts: Docket No. 5758
$1,291.22
Docket No. 5759
1,291.22
The question presented involves the determination of whether certain oil royalties were sold by Lester Foran in the Course of his business of selling oil and gas leases and oil royalties or was that sale one of capital assets. Findings of Fact The petitioners are husband and wife, residing in Corpus Christi, Texas. For the year 1941 they filed separate income tax returns on the community property basis. Lester Foran was engaged in the oil and gas royalty brokerage business from 1938 until the end of 1941, whereby he bought and sold oil royalties for others on a commission basis. He also purchased and sold some gas properties in his own name. During the latter part of 1938 petitioner began the acquisition of royalty interests in various tracts of land *75 in the East Whitepoint Field. All of these purchases were completed at least eighteen months prior to the sale of these properties by petitioner in 1941. Before the close of the acquisition of the property they had all been proved by the drilling of producing wells on adjacent properties and producing wells were later drilled on the properties themselves. Petitioner received a monthly income from said properties amounting approximately to $400 per month. This income, however, was assigned to a mortgagee to repay a loan of $15,000 which petitioner placed against these properties to acquire capital for further conduct of his business. These wells were estimated to have a flowing life of twenty-five years and a pumping life of from fifteen to twenty years thereafter. Prior to this sale of the East Whitepoint royalties in 1941, petitioner had never sold a producing oil property and prior to 1941 petitioner had never offered this property for sale. Shortly prior to the sale of the East Whitepoint royalties the major oil companies that had production in the East Whitepoint pool attempted to have the Texas Royalty Commission change the method of allocation of production in said *76 pool in such a way that the income from petitioners' property would have been very radically reduced. The wells were sold in 1941 in the ordinary course of petitioners' business for a net gain of $28,337.17. * Part of the said royalty interests had been held over 18 months and under 24 months and a gain of $5,550.03 was realized from the sale thereof. The other part had been held over 24 months and a gain of $22,787.61 was realized from the sale thereof. Each petitioner is entitled to a net loss carry-back of $161.75. Opinion Petitioners claim that the gain from the sale of these oil royalties is a long-term capital gain and the respondent insists that these royalties were being dealt in by petitioners in the regular course of their business and as such the gain was ordinary income from their business. We enter this case with a presumption as to the correctness of the respondent's determination. Petitioner was the only witness. He relies on his own statement that he intended shortly after acquiring this property to retain it as an income for the security of his children. *77 The only element of corroboration of this statement by petitioner is that he held this property for eighteen months after its acquisition before it was sold. In the case of Charles H. Black, Sr., 45 B.T.A. 204, the petitioner was engaged in the real estate business and held a piece of property for approximately twelve years. The property was sold at a loss and the petitioner claimed the entire loss as a loss in the course of his trade or business. The Commissioner claimed that this property was a special investment of the taxpayer and, held for so long a period of time, the loss was a capital loss. The Board of Tax Appeals held in favor of the taxpayer. The mere lapse of time during which the property is held, even though it is many years, does not of itself make the sale of the property a matter of capital gain or loss. Surely in this case the retaining of the property for eighteen months, during which time the taxpayer mortgaged the entire income of the property for three years to repay a loan of $15,000, would not be a factor of material weight in determining whether or not this property was handled in the ordinary course of the taxpayer's business. This property *78 was of the same general character as the property which the taxpayer dealt in regularly. He made no special entry in his books by which this property was handled differently from any other property. If this property, as a result of the action of the large adjacent producers, had been so limited in its quota allotment that it would have been sold at a loss, petitioner would have been in just as good a position on the facts in this case to claim that the property was handled in the regular course of his business as he is now to claim that it was bought and sold as a capital investment. The case of Greene et al. v. Commissioner, 141 Fed. (2d) 645, is a case very much on all-fours with the case at bar wherein the Tax Court found that the determination of the Commissioner should not be disturbed in finding that a sale very similar to the one under consideration herein was a sale in the ordinary course of business. The United States Circuit Court of Appeals sustained the Tax Court and certiorari was denied by the United States Supreme Court. Our judgment in this case is for the respondent. Decision will be entered under Rule 50. Footnotes
*. The following two paragraphs were added pursuant to Tax Court order dated October 8, 1946.↩